UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES RIVER INSURANCE COMPANY,

                        Plaintiff,                      Docket No.:

    -against-                                 **COMPLAINT**

PARSONS CONSTRUCTION, INC.,
DELORIS RIVERS and NEW YORK
CITY HOUSING AUTHORITY,

                        Defendants.
------------------------------------------------------------------------X

Plaintiff JAMES RIVER INSURANCE COMPANY ("James River") by and through its

attorneys Milber Makris Plousadis & Seiden, LLP, as and for its Complaint against Defendants

named herein, hereby alleges upon information and belief as follows:

### NATURE OF THE ACTION

1. In this action, James River seeks a declaration that it has no duty to defend or

indemnify Defendant PARSONS CONSTRUCTION, INC. ("Parsons") in connection with the

underlying personal injury action of *Deloris Rivers v. Twin Parks Terrace LLC, et al.,* pending in

the Supreme Court of New York, Bronx County, under Index No. 815244/2022E (the "Underlying

Action").

### THE PARTIES

2. That at all times hereinafter mentioned, Plaintiff James River was and still is an

Ohio corporation with a principal place of business in Richmond, Viriginia.

3. That at all times hereinafter mentioned, Plaintiff James River was and still is an

insurance company with a principal place of business in Richmond, Virginia.

4.      That at all times hereinafter mentioned, Plaintiff James River was and still is an excess and surplus lines insurance company eligible to issue policies of insurance in the State of New York.

5.      Upon information and belief, at all times herein after mentioned, Defendant Parsons was and still is a New York corporation with a principal place of business in Queens County, New York.

6.      Upon information and belief, at all times herein after mentioned, Defendant Parsons was and still is a New York corporation authorized to do and doing business in the State of New York.

7.      Upon information and belief, at all times herein after mentioned, Defendant DELORIS RIVERS ("Rivers") was, and still is a resident of Bronx County, New York.

8.      Upon information and belief, at all times herein after mentioned, Defendant NEW YORK CITY HOUSING AUTHORITY ("NYCHA") was, and still is a public-benefit authority, organized and existing under and by virtue of the laws of the State of New York.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

10.     Venue of this action in the United States District Court for the Southern District of New York is proper under 28 U.S.C. § 1391(b) in that it is the District where the Underlying Action is pending and where Defendant Rivers allegedly resides.

2

11.    An actual and judiciable controversy exists between the parties as to the coverage afforded under the policy issued by Plaintiff James River.

12.    James River has no adequate remedy at law.

**THE UNDERLYING ACTION**

13.    The Underlying Action was commenced by Rivers with the filing of a Summons and Verified Complaint (the "Underlying Complaint"), dated October 10, 2022, a true and correct copy of which is annexed hereto as Exhibit "A."

14.    In the Underlying Complaint, it is alleged that at all relevant times Defendant Parsons maintained, performed repairs and/or construction at the premises identified as 373 East 183rd Street, Bronx, New York (the "Premises").

15.    In the Underlying Complaint, Rivers alleges that on December 10, 2021, she was caused to trip and fall on the sidewalk outside of the Premises, resulting in injury. Said injuries are alleged to have been caused by the negligence of the defendants, which include Parsons and NYCHA, in their ownership, operation, management, maintenance, supervision, repair and/or control of the Premises.

16.    Defendant Parsons, which was named as a defendant to the Underlying Action, was personally served with a copy of the Underlying Complaint on October 26, 2022.

17.    After Defendant Parsons failed to file an Answer or otherwise appear in the Underlying Action, Defendant Rivers filed a motion for a default judgment against Parsons.

18.    By Order dated December 3, 2024, the Hon. Mitchell K. Danziger, J.S.C., granted Rivers' motion for a default judgment against Defendant Parsons, a true and correct copy of which is annexed hereto as Exhibit "B."

19.    A subsequent Order granting the same relief was issued by the Hon Mitchell K. Danziger, J.S.C. and dated September 29, 2025, a true and correct copy of which is annexed hereto as Exhibit "C."

20.    In the Underlying Action, by Order dated June 12, 2024, the court has also granted NYCHA's motion for contractual indemnification, having treated said motion as having also sought relief against Defendant Parsons. A true and correct copy of the June 12, 2024 Order is annexed hereto as Exhibit "D."[1]

21.    On June 9, 2025, after the foregoing decisions were rendered by the Court in the Underlying Action, James River was first placed on notice of Rivers' December 10, 2021 accident and of the Underlying Action.

22.    By letter dated July 7, 2025, James River timely disclaimed coverage in connection with the Underlying Action. A true and correct copy of the aforementioned letter is annexed hereto as Exhibit "E."

23.    Because Rivers has obtained a default judgment against Parsons in the Underlying Action, she is a party interested in the outcome of this declaratory action, pursuant to Rule 19 (a) of the Federal Rules of Civil Procedure.

24.    Because NYCHA has been awarded contractual indemnification against Defendant Parsons in the Underlying Action it is also a party interested in the outcome of this declaratory action pursuant to Rule 19 (a) of the Federal Rules of Civil Procedure.

---

[1] James River notes that NYCHA's moving papers in the Underlying Action did not seek any relief against Parsons, but that the court appears to have erroneously treated NYCHA's motion as one seeking contractual indemnification against all defendants to the Underlying Action.

**THE JAMES RIVER POLICY**

25.    Plaintiff James River issued a Commercial General Liability policy to Defendant Parsons, bearing policy number 00108604-2, effective 04/30/2021 to 04/30/2022, with limits of insurance of $2,000,000 per occurrence and $4,000,000 in general aggregate ("James River Policy").

26.    The James River Policy included the following conditions to coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
  (1)    How, when and where the "occurrence" or offense took place;
  (2)    The names and addresses of any injured persons and witnesses; and
  (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any q insured, you must:
  (1)    Immediately record the specifics of the claim or "suit" and the date received; and
  (2)    Notify us as soon as practicable.

You must see to it that we receive written no-tice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:
  **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Declaratory Relief Under the James River Policy)**

27.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same full force and effect as if more fully set forth herein.

5

28.     James River has no duty to defend or indemnify Defendant Parsons in connection with the Underlying Action, pursuant to the terms, conditions, exclusions, endorsements and other provisions found in the James River Policy.

29.     The James River Policy provides that if a "suit" is brought any against any insured, notice shall be provided to James River as soon as practicable.

30.     The James River Policy further requires that it immediately be sent copies of any demands, notices, summonses or legal papers received in connection with the "suit".

31.     Defendant Parsons did not provided notice of the Underlying Action, a "suit", as soon as reasonably practicable or immediately provided copies of "suit" papers.

32.     James River first received notice of the Underlying Action after the default judgment had been entered against Parsons.

33.     James River first received notice of the Underlying Action after Defendant NYCHA was awarded contractual indemnity from Parsons.

34.     There is no coverage under the James River Policy in connection with the Underlying Action because James River did not receive notice as soon as reasonably practicable of a "suit" brought against Parsons and James River was prejudiced as a result.

35.     Because James River first received notice of the Underlying Action after the default judgment, there is an irrebuttable presumption of prejudice pursuant to New York State Insurance Law §3420.

36.     Because James River first received notice of the Underlying Action after NYCHA was awarded contractual indemnification, there is an irrebuttable presumption of prejudice pursuant to New York State Insurance Law §3420.

37. In the alternative, James River has been prejudiced in its ability to defend against the Underlying Action.

38. There is, therefore, no coverage under the James River Policy for the Underlying Action, and James River is entitled to a declaratory judgment that it is has no obligation to defend or indemnify Defendant Parsons against any judgment entered in the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Relief Under the Insurance Law)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same full force and effect as if more fully set forth herein.

40. That New York State Insurance Law §3420(c)(2)(A) provides, in relevant part:

> (2)(A) In any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on: (i) the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy; or (ii) the insured, injured person or other claimant to prove that the insurer has not been prejudiced, if the notice was provided more than two years after the time required under the policy. (Emphasis added).

41. That New York State Insurance Law § 3420(c)(2)(B) provides, in pertinent part:

> [A]n irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction or by binding arbitration; or if the insured has resolved the claim or suit by settlement or other compromise.

42. Because James River first received notice of the Underlying Action after the default judgment was entered against Parsons in the Underlying Action, there is an irrebuttable legal presumption that James River has been prejudiced.

43. Because James River first received notice of the Underlying Action after Defendant NYCHA was awarded contractual indemnification there is an irrebuttable legal presumption that James River has been prejudiced.

7

44. There is, therefore, no coverage under the James River Policy in connection with the Underlying Action because James River has been irreparable prejudiced by Parson's failure to provide it with notice of the Underlying Action.

45. James River is entitled to a declaration from this Court that there is no coverage under the James River Policy for the Underlying Action, and that James River has no obligation to defend or indemnify Defendant Parsons against any judgment entered in the Underlying Action.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Relief Under the Insurance Law)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same full force and effect as if more fully set forth herein.

47. That the Defendant Rivers never provided James River with notice of the Underlying Action.

48. That the Defendant Rivers never provided James River with a copy of the pleadings to the Underlying Action.

49. That the Defendant Rivers has failed to comply with the notice provisions of New York State Insurance Law §3420.

50. That by reason of the foregoing failures by Defendant Rivers to provide James River with notice of her December 10, 2021 injuries and the resulting Underlying Action, James River is entitled to a declaration that Rivers is not entitled to any coverage under the James River Policy, including any obligation to indemnify against any judgment entered therein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment:

1. On the first cause of action, for a judgment declaring that the Plaintiff JAMES RIVER INSURANCE COMPANY has no duty to defend or indemnify Defendant J PARSONS CONSTRUCTION, INC. in the Underlying Action;

2.   On the second cause of action, for a judgment declaring that the Plaintiff JAMES RIVER INSURANCE COMPANY has no duty to defend or indemnify Defendant PARSONS CONSTRUCTION, INC. pursuant to New York State Insurance Law §3420;

3.   On the third cause of action, for a judgment declaring that Plaintiff Defendant DELORES RIVERS failed to provide Plaintiff JAMES RIVER INSURANCE COMPANY with notice her December 10 2021 injuries and the Underlying Action, in violation of New York Insurance Law §3420, and, therefore, Plaintiff JAMES RIVER INSURANCE COMPANY has no obligation to indemnify against any judgment imposed in the Underlying Action; and

4.   For such other, further and different relief as this Court may deem just and proper.

Dated:  Woodbury, New York
        June 3, 2026

_____
SARAH M. ZIOLKOWSKI (SZ1220)